```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

IN RE:                            :   Chapter 11
                                  :
KAISER ALUMINUM CORPORATION,      :   Bankruptcy Case No. 02-10429-JKF
a Delaware corporation,           :
et al.,                           :
                                  :
         Debtors.                 :
_____ :   _____
PUBLIC UTILITY DISTRICT NO. 1     :
OF CLARK COUNTY d/b/a CLARK       :
PUBLIC UTILITIES,                 :
                                  :
         Appellant,               :
                                  :
    v.                            :   Civil Action No. 06-247-JJF
                                  :
KAISER ALUMINUM CORPORATION,      :
et al.,                           :
                                  :
         Appellees.               :
                                  :
                                  :
```

William A. Wood, III, Esquire; Warren W. Harris, Esquire and
Tracy C. Temple, Esquire of BRACEWELL & GIULIANI LLP, Houston,
Texas.
George H. Williams, Esquire of BRACEWELL & GUILIANI LLP,
Washington, D.C.
Frederick B. Rosner, Esquire of DUANE MORRIS, Wilmington,
Delaware.
Attorneys for Appellant.

Gregory M. Gordon, Esquire and Daniel P. Winikka, Esquire of
JONES DAY, Dallas, Texas.
Daniel J. DeFranceschi, Esquire and Kimberly D. Newmarch, Esquire
of RICHARDS, LAYTON & FINGER, Wilmington, Delaware.
Attorneys for Appellees.

---

## MEMORANDUM OPINION

March 29, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is an appeal by Appellant, Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities ("Clark") from the March 7, 2006 Order entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") captioned "Order (I) Granting Motion Of Debtor And Debtor-In-Possession Kaiser Aluminum & Chemical Corporation For Summary Judgment Regarding Its Verified Motion For An Order Disallowing Claims Filed By Clark Public Utilities and (II) Disallowing Claims Filed By Clark Public Utilities." For the reasons set forth below, the Court will affirm the Bankruptcy Court's Order.

## I. PARTIES' CONTENTIONS

By its appeal, Clark contends that the Bankruptcy Court erred in concluding that it had jurisdiction over Clark's claims against Kaiser Aluminum and Chemical Corporation ("Kaiser"). Specifically, Clark contends that its claims concerning whether it was charged unreasonable rates for electricity by Kaiser (the "Unreasonable Rates Claim") and whether Kaiser was an authorized seller of electricity (the "Unauthorized Sale Claim") are claims arising under the Federal Power Act. Thus, Clark maintains that its claims are subject to the exclusive jurisdiction of the Federal Energy Regulatory Commission ("FERC").

Clark also contends that the Bankruptcy Court erred in granting summary judgment against Clark on the grounds that

Clark's claims are barred by the principles of res judicata in light of the proceedings held by FERC. Clark contends that it was precluded from fully participating in the FERC proceedings, known as the Puget Sound Proceedings, because of the automatic stay. Clark also contends that FERC did not address Clark's Unauthorized Sale Claim, and any decision by FERC on the Unreasonable Rate Claim is not final, because it is currently the subject of an appeal before the Court of Appeals for the Ninth Circuit.

In response, Kaiser contends that the Bankruptcy Court unquestionably had jurisdiction over its Motion To Disallow Clark's claims. Kaiser contends that its Motion did not require the Bankruptcy Court to address the merits of Clark's Unreasonable Rates Claim, because FERC already rejected that claim on the merits. Thus, the Bankruptcy Court correctly disallowed Clark's claims based on FERC's decision in the Puget Sound Proceedings.

With respect to Clark's res judicata arguments, Kaiser contends that the Bankruptcy Court correctly applied the principles of res judicata to conclude that Clark's Unauthorized Sale Claim was barred. Kaiser contends that Clark's Unauthorized Sale Claim arises from the same set of operative facts as the Unreasonable Rates Claim, and therefore, should have been brought in the FERC Puget Sound Proceedings. Kaiser also contends that

2

Clark was not precluded from raising this claim in the Puget Sound Proceedings by the automatic stay, and that in any event, if Clark disagreed with the Bankruptcy Court's decision to enforce the stay, it should have filed an appeal.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

## III. DISCUSSION

### A. Whether The Bankruptcy Court Correctly Determined That It Had Jurisdiction

As a threshold matter, Clark challenges the Bankruptcy Court's jurisdiction contending that the Bankruptcy Court lacked jurisdiction to hear Clark's claims because these claims fall within the exclusive jurisdiction of FERC. However, the Bankruptcy Court did not rule on the merits of Clark's claims and was instead presented with a motion for summary judgment requesting the disallowance of Clark's claims. The allowance or disallowance of claims is clearly a matter within the Bankruptcy Court's jurisdiction. 28 U.S.C. § 157(b)(1); (2)(B).

Clark directs the Court to decision of the United States District Court for the Southern District of New York in California Department of Water Resources v. Calpine Corp. (In re Calpine Corp.), 337 B.R. 27 (S.D.N.Y. 2006), for the proposition that its claims should not have been subject to the Bankruptcy Court's jurisdiction. However, the Court finds Calpine distinguishable from the circumstances here. In Calpine, the Court concluded that it did not have jurisdiction over the debtor's motion to reject certain contracts, because a decision rejecting those contracts "would directly interfere with FERC's jurisdiction over the rates, terms, conditions and durations of wholesale energy contracts." Id. at 36. In this case, the Bankruptcy Court's decision to disallow Clark's Unreasonable Rate

4

Claim was based on the fact that FERC already adjudicated the merits of that claim and denied Clark relief. Because the Bankruptcy Court's decision was based on claim disallowance principles following disposition of the merits of the claims by the appropriate administrative agency, the Court concludes that the Bankruptcy Court did not interfere with FERC's exclusive jurisdiction and regulatory authority over wholesale power contracts. See California v. Enron Corp. (In re Enron Corp.), 2005 WL 1185804, *2-3 (S.D.N.Y. May 18, 2005) (denying withdrawal of the reference with respect to plaintiffs' claims premised Federal Power Act and concluding that bankruptcy court was proper forum for resolving debtors' objections to proofs of claims, because those objections "do not lead to any jurisdictional conflict requiring substantial and material interpretation of non-Bankruptcy federal law").

As for the Unauthorized Sale Claim, the Court likewise concludes that the Bankruptcy Court's decision to disallow this claim under the principles of res judicata was not an interference with FERC's jurisdiction. The Bankruptcy Court's determination did not require any interpretation of the Federal Power Act, and courts are permitted to give res judicata effect to decisions of administrative agencies, where those agencies are acting in a judicial capacity.[1] See e.g., United States v. Utah

---

[1] See infra Section III.B.2 of this Memorandum Opinion.

5

Constr. & Mining Co., 384 U.S. 394, 422 (1966) ("When an administrative agency is acting in an judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."); In re Indep. Ref. Corp., 65 B.R. 622 (S.D. Tex. 1986) (giving res judicata effect to the remedial order issued by the Office of Hearings and Appeals where the order was appealed to FERC and allowing Department of Energy's proof of claim as a result of the order).

  B. <u>Whether The Bankruptcy Court Erred In Disallowing The Claims And Applying The Principles of Res Judicata To Clark's Unauthorized Sale Claim</u>

    1. The Unreasonable Rate Claim

As discussed in the context of the Bankruptcy Court's jurisdiction, the Bankruptcy Court's decision to disallow Clark's Unreasonable Rate Claim was not based upon the principles of res judicata, but on FERC's decision on the merits of that claim. Because FERC concluded that Clark was not entitled to relief on its Unreasonable Rate Claim, the Court concludes that the Bankruptcy Court correctly disallowed the claim. Thus, the remaining question for the Court is whether the Bankruptcy Court erred in disallowing the Unauthorized Sale Claim based on the principles of res judicata.

2. The Unauthorized Sale Claim

The principles of res judicata apply to the decisions of administrative agencies acting in a judicial capacity. Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 109 (1991); Utah Constr. & Mining Co., 384 U.S. at 422. An agency acts in a judicial capacity when it provides the parties with (i) representation by counsel; (ii) pretrial discovery; (iii) the opportunity to present memoranda of law; (iv) the opportunity to examine and cross-examine witnesses; (v) the opportunity to introduce exhibits; (vi) the chance to object to evidence; and (vii) final findings of fact and conclusions of law. Exxon Co., U.S.A. v. Amerada Hess Pipeline Corp., 83 F.E.R.C. 63,011 at p. 65,095 (1998) (reversed on other grounds) (citing Reed v. Amax Coal Co., 971 F.2d 1295, 1300 (7th Cir. 1992).

It does not appear to the Court that Clark is disputing whether FERC acted in a judicial capacity when it issued its decision. Rather, the Court understands Clark's arguments to be directed at the issues of (1) whether the elements of res judicata are met; (2) whether it is equitable to apply those elements here; (3) whether Clark was afforded a full opportunity to participate in the Puget Sound Proceedings; and (4) whether Clark's Unauthorized Sale claim could have been brought in the Puget Sound Proceedings.

"A claim is barred in a FERC proceeding by administrative res judicata if: (1) the prior proceeding involved the same cause of action as the current proceeding; (2) the same parties were involved in both proceedings; and (3) there was a final judgment on the merits in the previous action." Williams Natural Gas Co., 83 FERC ¶ 63,015 at 65,116 (1998) (citing Williams Natural Gas Co., 72 FERC ¶ 63,006 at p. 65,135 (1995)).[2] "When the above three factors are met in a FERC proceeding, '[t]he original judgment on the merits is conclusive not only as to matters actually raised but also to matters which could have been raised and litigated.'" Id. (citations omitted).

Applying the elements of res judicata in this case, the Court concludes that the Bankruptcy Court correctly determined that Clark's Unauthorized Sale claim was barred by the res judicata effect of FERC's decision in the Puget Sound Proceedings. As the Bankruptcy Court correctly acknowledged, claims involve the same cause of action when they arise from the same underlying events, even if different legal theories are pursued. Churchill v. Star Enters., 183 F.3d 184, 194, 195 (3d Cir. 1999). In this case, the Court concludes that both Clark's Unreasonable Rate Claim and Unauthorized Sale Claim stem from the

---

[2] The Court notes that there is no dispute between the parties as to the elements of res judicata. Rather, the parties' only dispute concerns the application of these elements to the facts of this case.

same underlying facts and both seek redress for violations of Section 205 of the Federal Power Act.

Clark contends that the Unauthorized Sale Claim is not the same cause of action because Clark could not have raised this claim in the Puget Sound Proceedings, and Clark was precluded from pursing this claim before FERC in the Puget Sound Proceedings as a result of the automatic stay. The Court finds Clark's argument unpersuasive. As the Bankruptcy Court pointed out, the scope of the issues in the Puget Sound Proceedings was broad enough to encompass the Unauthorized Sale Claim if Clark had chosen to pursue it. Further, the automatic stay did not come into effect until after the A.L.J. issued her decision in the Puget Sound Proceedings, and therefore, Clark was not precluded from bringing the Unauthorized Sale Claim by operation of the automatic stay.[3] The Court also agrees with the Bankruptcy

---

[3] In addition to the fact the automatic stay came into effect after the A.L.J.'s decision, the Court also notes that when FERC subsequently re-opened the record, the Bankruptcy Court provided Clark with limited relief from the automatic stay to conduct additional discovery and submit additional evidence to FERC. Clark suggests that the Bankruptcy Court implied that it would be entitled to litigate the merits of its Unauthorized Sale Claim through the claims allowance proceeding; however, the Bankruptcy Court's remarks, taken in context, do not support Clark's argument. Indeed, the Bankruptcy Court repeatedly recognized that principles of res judicata might bar Clark from pursuing its Unauthorized Sale Claim. (Tr. 7/23/02 Hearing at 92; Tr. 1/20/06 Hearing at 7.) In these circumstances, the Court cannot conclude that the Bankruptcy Court's decision to apply res judicata principles to the Unauthorized Sale Claim was inequitable.

Court that the FERC decision is a final judgment on the merits for purposes of the application of res judicata. Cohen v. Superior Oil Corp., 90 F.2d 810, 811-812 (3d Cir. 1937) (holding that pendency of an appeal does not preclude a judgment from being res judicata).[4] Because the elements of res judicata are satisfied and Clark could have brought its Unauthorized Sale Claim in the Puget Sound Proceedings but failed to do so, the Court concludes that the Bankruptcy Court properly disallowed Clark's Unauthorized Sale Claim.

## IV. CONCLUSION

For the reasons discussed, the Bankruptcy Court's March 7, 2006 Order will be affirmed.

An appropriate Order will be entered.

---

[4] The Court acknowledges that Cohen does not involve the decision of an administrative agency; however, the Court has been unable to locate case law analogous to the circumstances of this case. Clark directs the Court to a statement by FERC in Williams Nat. Gas Co., 83 FERC ¶ 63,015 at 65,116 n.13 (1998) and to commentary in the Restatement (Second) of Judgments § 83 cmt. a, for the proposition that an administrative agency decision is not a final judgment when an appeal is pending. However, that Restatement section also references § 13, which specifically addresses finality of judgments and indicates that "[t]he better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo . . ." Restatement (Second) of Judgments § 13, cmt. f. The Ninth Circuit proceeding is not a trial de novo. Moreover, FERC has recognized an approach contrary to that stated in Williams in Greensboro Lumbar Co. v. Rayle Electric Membership Corp., 40 FERC ¶ 61,283 at 61,918, n.5 (1987). Thus, the Court is not persuaded by the authority cited by Clark, and in the absence of any clear directive that agency determinations should be treated differently, the Court will apply the well-established principles of Cohen.